UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MYKAYLA FAGNANI,

Plaintiff,

- against -

TRINKET SHOP, LLC,

Defendant.

Case No. 1:22-CV-10493

So Ordered.

Dated: April 18, 2023
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

**CONSENT DECREE**

1. This Consent Decree is entered into as of the date this on which it is entered on the Docket Sheet in the above-captioned action (the "Effective Date"), by and between Plaintiff Mykayla Fagnani ("Plaintiff") and Defendant Trinket Shop, LLC ("Defendant"). Plaintiff and Defendant shall each be referred to herein as a "Party" and collectively as the "Parties" for the purposes and on the terms specified herein.

**RECITALS**

2. Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12181-12189 ("ADA") and its implementing regulation, 28 C.F.R. pt. 36, prohibit discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations by any private entity that owns, leases (or leases to), or operates any place of public accommodation. 42 U.S.C. § 1282(a); 28 C.F.R. § 36.201(a).

3. On or about December 12, 2022, Plaintiff filed this action (the "Action") alleging, *inter alia*, that Defendant's website, https://www.ornamentshop.com (the "Website"), is not fully

accessible to individuals with disabilities in violation of the ADA, the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL").

4. Defendant expressly denies that the Website violates any federal, state, or local law, including the ADA, NYSHRL, and the NYCHRL, and any other wrongdoing or liability whatsoever. By entry into this Consent Decree, Defendant does not admit any wrongdoing.

5. This Consent Decree resolves, settles, and compromises all issues between the Parties in the Action, including all claims arising under either federal law or the law of any State.

6. This Consent Decree is entered into by the Plaintiff, individually.

## JURISDICTION

7. Plaintiff alleges that Defendant is a private entity that owns and/or operates the Website which is available through the internet to personal computers, laptops, mobile devices, tablets, and other similar technology. Plaintiff contends that Defendant's Website is a place of public accommodation subject to Title III of the ADA. 42 U.S.C. §§12181(7), 12182(a). Defendant denies that its Website is a public accommodation or a place of public accommodation or are otherwise subject to Title III of the ADA.

8. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331, and 42 U.S.C. § 12188. The Parties agree that for purposes of the Action and this Consent Decree venue is appropriate.

## AGREED RESOLUTION

9. Plaintiff and Defendant agree that it is in the Parties' best interest to resolve the Action on mutually agreeable terms without further litigation. Accordingly, the Parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law

raised in Plaintiff's Complaint. In resolution of this Action, the Parties hereby AGREE to the following:

**TERM**

10. The term of this Consent Decree shall commence as of the Effective Date and remain in effect until the earlier of: (a) twelve (12) months from the Effective Date; or (b) the date, if any, that the Department of Justice adopts final regulations that govern the accessibility of websites under Title III of the ADA.

**GENERAL NONDISCRIMINATION REQUIREMENTS**

11. Pursuant to the terms of this Consent Decree, Defendant:

a. Shall not knowingly deny persons with a disability (as defined under the ADA), including the Plaintiff, the opportunity to participate in and benefit from the goods, services, privileges, advantages, and accommodations through its Website as set forth herein. 42 U.S.C. § 12182(b)(1)(A)(i); 28 C.F.R. § 36.202(a);

b. Shall use reasonable efforts to provide persons with a disability (as defined under the ADA), including the Plaintiff, an equal opportunity to participate in or benefit from the goods, services, privileges, advantages, and accommodations Defendant provides through its Website as set forth herein. 42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.202(b); and

c. Shall use reasonable efforts to ensure that persons with a disability (as defined under the ADA), including the Plaintiff, are not excluded, denied services, segregated, or otherwise treated differently because of the absence of auxiliary aids and

services, through its Website as set forth herein. 42 U.S.C. § 12182(b)(2)(A)(iii); 28 C.F.R. § 36.303.

**COMPLIANCE WITH TITLE III OF THE ADA**

12. Web Accessibility Conformance Timeline: Defendant shall use reasonable efforts to ensure full and equal enjoyment of the goods, services, privileges, advantages, and accommodations provided by and through the Website according to the following timeline and requirements, provided that the following dates will be extended in the instance that the Department of Justice releases regulations for websites under Title III of the ADA while this Consent Decree is in effect and which contain compliance dates and/or deadlines further in the future than the dates set forth herein:

a. Defendant shall use reasonable efforts to ensure that, within twenty-four (24) months of the Effective Date, the Website, if in existence, substantially conforms to the Web Content Accessibility Guidelines 2.0 Level A and AA Success Criteria ("WCAG 2.0 AA") in such a manner so that the Website will be accessible to persons with disabilities as set forth in Paragraph 18 below.

b. Defendant shall not be responsible for ensuring that third party content or plug-ins whose coding is not solely controlled by Defendant but are otherwise located on the Website or linked to from the Website, are accessible or otherwise conform to WCAG 2.0AA.

**SPECIFIC RELIEF TO PLAINTIFF**

13. Specific Relief: Plaintiff and the Defendant have agreed to settle all matters relating to costs, damages, attorneys' fees, experts' fees, other financial matters, relating to any

alleged inaccessibility of the Website through a separate agreement (the "Settlement Agreement") which is not incorporated into this Consent Decree.

**PROCEDURES IN THE EVENT OF DISPUTES**

14. The procedures set forth in Paragraphs 15 through 17 must be exhausted in the event that (i) Plaintiff alleges that Defendant has failed to meet its obligations pursuant to this Consent Decree; or (ii) Defendant alleges that there is a criterion of WCAG 2.0 AA with which it cannot substantially comply utilizing reasonable efforts as set forth herein. There will be no breach of this Consent Decree by Defendant in connection with such allegations until the following procedures have been exhausted.

15. If a Party believes that the other Party hereto has not complied in all material respects with any provision of the Consent Decree, that Party shall provide the other Party with written notice of non-compliance containing the following information: (i) the alleged act of non-compliance; (ii) a reference to the specific provision(s) of the Consent Decree that is not being complied with in all material respects; (iii) a statement of the remedial action sought by the initiating Party; and (iv) a reasonably detailed statement of the specific facts, circumstances and legal argument supporting the position of the initiating Party. Plaintiff will notify Defendant in writing after the dates for compliance set forth herein if Plaintiff believes that the Website is in any way not compliant with this Consent Decree. Defendant will notify Plaintiff in writing if it believes there is a criterion of this Consent Decree with which it cannot utilizing reasonable efforts substantially comply hereunder. All notifications must include reasonable detail and shall be made in the manner set forth in Paragraph 20.

16. Within sixty (60) days of either Party receiving notice as described in Paragraph 15, the other Party will respond in writing to the notice. Within fifteen (15) days of receipt of the

response, the Parties will meet by telephone, or in person, in an attempt to informally resolve the issue.

17. If the issue remains unresolved within thirty (30) days of the meeting referenced in Paragraph 16, the Parties will each have an additional thirty (30) days to select an expert and the two experts will mutually select an independent accessibility consultant with substantial experience in accessible website design who will evaluate the particular item(s) raised based on whether a person, who has a disability and uses screen reader software and has average screen reader competency ("person with a Visual Impairment who has average screen reader competency"), can adequately utilize the Website.

18. There will be no breach of this Consent Decree unless: (a) the independent accessibility consultant determines that a particular item(s) cannot be accomplished by a person with a disability who has average screen reader competency using a prominent commercially available screen reader such as Jaws, Voiceover, or NVDA in combination with one of the following browsers (in versions of which that are currently supported by their publishers): Internet Explorer, Firefox, Safari and Chrome; and (b) Defendant fails to remedy the issue using reasonable efforts within a reasonable period of time of not less than ninety (90) days of receiving the accessibility consultant's opinion. If the accessibility consultant believes that a reasonable time using reasonable efforts to remedy the items found not to be usable is longer than ninety (90) days, then the Parties may agree on a longer time period without leave of Court so long as the extension is documented in writing and executed by the Parties to this Agreement or their respective counsel. If the accessibility consultant finds that a particular item found not to be usable cannot be remedied using reasonable efforts, Defendant shall not be obligated to remedy that item.

19. Any of the time periods set forth in Paragraphs 15 through 17 may be extended by mutual agreement of the Parties.

20. Any notice or communication required or permitted to be given to the Parties hereunder shall be given in writing by e-mail and by overnight express mail or United States first class mail, addressed as follows:

For Plaintiff:
Jeffrey M. Gottlieb, Esq.
GOTTLIEB & ASSOCIATES
150 East 18th Street, Suite PHR
New York, New York 10003
Tel: 212-228-9795
Email: Jeffrey@gottlieb.legal

For Defendant:
Lisa M. Capone, Esq.
KURZMAN EISENBERG CORBIN & LEVER, LLP
One North Broadway,12th Floor
White Plains, New York 10601
Tel: (914) 993-6042
Email: LCapone@kelaw.com

## MODIFICATION

21. No modification of this Consent Decree shall be effective unless in writing and signed by authorized representatives of all Parties.

## ENFORCEMENT AND OTHER PROVISIONS

22. The interpretation and enforcement of this Consent Decree shall be governed by the laws of the State of New York.

23. This Consent Decree contains the entire agreement of the Plaintiff and the Defendant concerning the subject matter described in Paragraph 3, other than the terms of the Settlement Agreement, and no other statement, promise, or agreement, either written or oral, made by any Party or agent of any Party, that is not contained in this Consent Decree, and

concerns the subject matter described in Paragraph 3, shall be enforceable, other than the Settlement Agreement.

24. If any provision of this Consent Decree is determined to be invalid, unenforceable, or otherwise contrary to applicable law, such provision shall be deemed restated to reflect as nearly as possible and to the fullest extent permitted by applicable law its original intent and shall not, in any event, affect any other provisions, all of which shall remain valid and enforceable to the fullest extent permitted by applicable law.

## PERSONS BOUND AND INTENDED THIRD-PARTY BENEFICIARIES

25. The Parties to this Consent Decree expressly intend and agree that this Consent Decree shall inure to the benefit of all persons with vision disabilities as defined by the ADA, indicating those who utilize a screen reader to access the Website, which disabled persons shall constitute third-party beneficiaries to this Consent Decree.

26. The signatories represent that they have the authority to bind the respective parties, Plaintiff and Defendant, to this Consent Decree

## CONSENT DECREE HAS BEEN READ

27. This Consent Decree has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties. The Parties each had an opportunity to consult with their respective counsel prior to executing the Consent Decree as to the meaning and effect of this Consent Decree. This Consent Decree is signed freely by each party executing it.

WHEREFORE, the Parties consent to and execute this Consent Decree as of the date set forth next to their respective signatures.

Mykayla Fagnani (Apr 6, 2023 17:53 PDT)

Dated: April 6, 2023 ______________________

MYKAYLA FAGNANI

TRINKET SHOP, LLC

Dated: ______________________ By: ______________________
Name:
Title:

APPROVED AS TO FORM AND CONTENT:

GOTTLIEB & ASSOCIATES

Dated: April 6, 2023 ______________________ By: jeffrey gottlieb (Apr 6, 2023 17:54 PDT)

Jeffrey M. Gottlieb
*Attorneys for Plaintiff*
150 East 18th Street, Suite PHR
New York, New York 10003
Tel: 212-228-9795
Email: Jeffrey@gottlieb.legal

KURZMAN EISENBERG CORBIN & LEVER, LLP

Dated: ______________________ By: ______________________

Lisa M. Capone
*Attorneys for Defendant*
One North Broadway, 12th Floor
White Plains, New York 10601
Tel: 914-993-6042
Email: LCapone@kelaw.com

WHEREFORE, the Parties consent to and execute this Consent Decree as of the date set forth next to their respective signatures.

Dated:________________________

______________________________
MYKAYLA FAGNANI

Dated: 4-10-2023

TRINKET SHOP, LLC
By: [signature]
Name: Laurice Hootman
Title: CFO

APPROVED AS TO FORM AND CONTENT:

Dated:________________________

GOTTLIEB & ASSOCIATES
By:____________________________
Jeffrey M. Gottlieb
*Attorneys for Plaintiff*
150 East 18th Street, Suite PHR
New York, New York 10003
Tel: 212-228-9795
Email: Jeffrey@gottlieb.legal

Dated: 4/11/2023

KURZMAN EISENBERG CORBIN & LEVER, LLP
By: [signature]
Lisa M. Capone
*Attorneys for Defendant*
One North Broadway, 12th Floor
White Plains, New York 10601
Tel: 914-993-6042
Email: LCapone@kelaw.com

**COURT APPROVAL, ADOPTION, AND ENTRY OF THE CONSENT DECREE**

**THE COURT, HAVING CONSIDERED** the pleadings, law, underlying facts, and having reviewed this proposed Consent Decree, hereby **FINDS AS FOLLOWS**:

1) This Court has personal jurisdiction over Plaintiff and Defendant for the purposes of this lawsuit pursuant to 29 U.S.C. § 1331;

2) The provisions of this Consent Decree shall be binding upon the Parties;

3) Entry of this Consent Decree is in the public interest;

4) This Consent Decree is for settlement purposes only and does not constitute an admission by Defendant of any of the allegations contained in the Complaint or any other pleading in this lawsuit, nor does it constitute a finding of liability against Defendant;

5) Plaintiff is acting as a private attorney general in bringing this lawsuit and enforcing the ADA; and

6) This Consent Decree shall be deemed as adjudicating, once and for all, the merits of each and every claim, matter, and issue that was alleged, or could have been alleged by Plaintiff based on, or arising out of, or in connection with, the allegations in the Complaint.

**NOW THEREFORE**, the Court approves the Consent Decree and in doing so specifically adopts it and makes it an Order of the Court.

**DONE AND ORDERED** in Chambers this ___ day of _____________ 2023.

_________________________________________
HON. U.S.D.J.